FILED

17 AUG -4 PM 1:51

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JAMES LEROYE JEFFERSON, CDCR #P-34202, Plaintiff, vs. KATHY HOLLINGSWORTH, PIA Bakery Supervisor; LISA GULARTE, PIA Bakery Supervisor; J. NEIL, Job Assignment; R. OLIVARRIA, Appeals Coordinator; B. SELF, Appeals Coordinator; DAMAREST DUNN, CDCR Inmate #AB-8458, Defendants. | Case No.: 3:17-cv-1099-BEN-BGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF NO. 2]**<br><br>**2) DENYING MOTION TO APPOINT COUNSEL [ECF NO. 5]**<br><br>**3) DISMISSING DEFENDANTS OLIVARRIA, SELF, AND DUNN PURSUANT TO 28 U.S.C. § 1915(E)(2) AND § 1915A(B)**<br><br>**AND**<br><br>**4) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON REMAINING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(D) AND FED. R. CIV. P. 4(C)(3)** |
|---|---|

JAMES LEROYE JEFFERSON ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se,

1

has filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has not paid the civil filing fee required by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). He also seeks the appointment of counsel (ECF No. 5).

I. **Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a prison certificate authorized by a trust account official at RJD. *See* ECF No. 3 at 1-4; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that while Plaintiff carried an average monthly balance of $9.06, and had average monthly deposits of $18.11 in his account over the 6-month period immediately preceding the filing of his Complaint, he had an available balance of zero at the time of filing. *See* ECF No. 3 at 1, 3. Thus, the Court assesses Plaintiff's initial partial filing fee to be $3.62 pursuant to 28 U.S.C. § 1915(b)(1), but acknowledges he may be unable to pay even that minimal initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact any initial filing fee because his prison certificate indicates he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

///

///

## II. Motion to Appoint Counsel

Plaintiff also asks the Court to appoint counsel for him because he is indigent, is "slightly blind," "sick with HIV," and "lack[s] knowledge of the legal system." (ECF No. 5.) In additional points and authorities filed in support of his Motion, he also claims "his case is ... complex" and re-emphasizes his lack of legal training and compromised health. (ECF No. 7 at 1-2.)

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

The Court denies Plaintiff's request without prejudice because nothing in his Complaint, or in his Motion to Appoint Counsel, suggests he is incapable of articulating the factual basis for his discrimination claims, which appear "relatively straightforward." *Id.* In fact, the Court finds, based on its screening of Plaintiff's Complaint under the standards of review discussed below, that Plaintiff has pleaded sufficient factual content to state plausible equal protection and ADA claims, at least with respect to several named Defendants. However, at this initial stage of the pleadings, Plaintiff has not yet shown a likelihood of success on the merits. *Id.* Therefore, the Court finds no "exceptional circumstances" and DENIES his Motion to Appoint Counsel (ECF No. 5) on that basis. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits).

## III. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

///

this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

    B.    <u>Plaintiff's Allegations</u>

Plaintiff claims he is black, transgender, and HIV positive, but has a medical clearance to work at RJD, and has been employed by the PIA[2] for 3 years on "a main line at clothing." (ECF No. 1 at 5, 7.) Plaintiff further claims to have been on a waiting list for a position in the bakery for 2 years, but alleges RJD's PIA bakery supervisor Hollingsworth, PIA Administrator Gularte, and PIA "Job Assignment" Neil, refused to employ him despite his qualifications, and instead, discriminated against him based on his race, gender identity, and HIV status. (Id. at 5-7.) He seeks injunctive relief preventing acts of retaliation against him, and $100,000 in general and punitive damages. (*Id.* at 9.)

    C.    <u>42 U.S.C. § 1983</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

    D.    <u>Defendant Dunn</u>

First, the Court finds Plaintiff may not proceed with any § 1983 claims against "Inmate Demarest Dunn, CDCR #AB-4548," whom he names as a party in the caption of his Complaint, and against whom he requests injunctive relief preventing "retaliation." (ECF No. 1 at 3, 9.) Unlike the prison officials whom Plaintiff alleges acted under color of state law as administrators in the PIA, *see* ECF at 4; *Leer v. Murphy*, 844 F.2d 628,

---

[2] The Prison Industry Authority, or "PIA," is an agency within the CDCR which, among other things, operates work programs for prisoners. *See* CAL. PENAL CODE §§ 2800-2801; *Burleson v. California*, 83 F.3d 311, 312-13 (9th Cir. 1996) (describing origins of PIA).

6

633 (9th Cir. 1988) (finding prison officials "administer[ing] the prison" acted under color of state law for purposes of 42 U.S.C. § 1983), Dunn is alleged only to be another inmate employed in the PIA bakery, where Plaintiff seeks to be employed. *See* ECF No. 1 at 4. Plaintiff offers no plausible facts to suggest how a fellow inmate acted "under color of state law," nor does he allege what, if anything, Dunn may have done to injure him. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (a private individual generally does not act under color of state law); *see also Jones v. Cmty. Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). Purely private conduct, no matter how wrongful, is not actionable under § 1983. *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

Therefore, the Court sua sponte dismisses Defendant Dunn as a party to this action based on Plaintiff's failure to state a plausible claim against him upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

E. Defendants Olivarria and Self

Plaintiff also fails to state a plausible § 1983 claim against Defendants Olivarria and Self, whom he identifies only as "Appeals Coordinators," and who are alleged only to have given him the "run around" with respect to "numerous" CDCR 602 complaints he filed related to his job assignment. *See* ECF No. 1 at 4, 8. This is because a prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for § 1983 liability.[3] *See generally Ramirez v. Galaza*, 334

---

[3] While an official's alleged failure to process an inmate grievance may implicate the inmate's First Amendment right of access to the courts, Plaintiff's Complaint also fails to state such a claim because he does not plausibly allege he was actually injured as a result of Olivarria or Self's actions. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *abrogated on other grounds as stated in*

7

3:17-cv-1099-BEN-BGS

F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. Cal. Dep't of Corr. and Rehab.*, 615 Fed. App'x 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [ ] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure"); *Shallowhorn v. Molina*, 572 Fed. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process").

Here, Plaintiff's conclusory allegations that Defendants Olivarria and Self gave him the "run around" are simply insufficient to state a plausible claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 680-84 (citations omitted); *Valdivia v. Tampkins*, No. EDCV 16-1975 JFW(JC), 2016 WL 7378887, at *6 (C.D. Cal. Dec. 19, 2016) (sua sponte dismissing claims predicated upon the alleged improper processing of inmate grievances); 28 U.S.C. §§ 1915(e)(2), 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

F. Remaining Defendants

As to Defendants Hollingsworth, Gularte, and Neil, however, the Court finds

---

*Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). In fact, Plaintiff alleges to have exhausted his available administrative remedies prior to filing suit, *see* ECF No. 1 at 8, and he attaches a copy of CDCR 602 Inmate/Parolee Appeal Log No. RJD-15-03951, in which he challenged PIA staff's "impos[ition of] discriminatory hiring practices in the bakery." (ECF No. 1 at 10.) This appeal was denied at the Third Level of administrative review, and Plaintiff was informed the decision "exhaust[ed] the administrative remedy available to [him] within the CDCR," on September 30, 2016. (ECF No. 1 at 10-15.) *See* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

8

3:17-cv-1099-BEN-BGS

Plaintiff's Complaint contains discrimination claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm* 680 F.3d at 1123; *Walker v. Gomez*, 370 F.3d 969, 873 (9th Cir. 2004) (noting that while the 14th Amendment "does not create a property or liberty interest in prison employment, . . . racial discrimination in the assignment of jobs" may violate equal protection) (citations omitted); *see also Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (setting forth pleading requirements for an ADA claim); *Bragdon v. Abbott*, 524 U.S. 624, 641 (1998) ("HIV infection is a physical impairment which substantially limits a major life activity, as the ADA defines it."); *Doe v. Cox*, No. 2:14-cv-02140-APG-GWF, 2015 WL 6962857, at *2-4 (D. Nev. Nov. 10, 2015) (finding HIV-infected prisoner's § 1983 claims, alleging discrimination in violation of equal protection and the ADA, sufficient to survive sua sponte screening required by 28 U.S.C. § 1915(e)(2)).

Therefore, the Court will direct the U.S. Marshal to effect service upon Defendants Hollingsworth, Gularte, and Neil on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## IV. Conclusion and Orders

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

9

3:17-cv-1099-BEN-BGS

ASSIGNED TO THIS ACTION.

  3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

  4) **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 5).

  5) **DISMISSES** Defendants DUNN, R. OLIVARRIA, and B. SELF based on Plaintiff's failure to state a claim against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and **DIRECTS** the Clerk of the Court to terminate them as parties to this action.

  6) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants HOLLINGSWORTH, GULARTE, and NEIL. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each of these Defendants may be found and/or subject to service* pursuant to S.D. CAL. CIVLR 4.1c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

  7) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants HOLLINGSWORTH, GULARTE, and NEIL as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

  8) **ORDERS** Defendants HOLLINGSWORTH, GULARTE, and NEIL, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). See 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary

determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

9) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants HOLLINGSWORTH, GULARTE, and NEIL, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants may be disregarded.

**IT IS SO ORDERED.**

Dated: August 3, 2017

HON. ROGER T. BENITEZ
United States District Judge