UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Leroye Jefferson,<br><br>                              Plaintiff,<br><br>v.<br><br>Kathy Hollingsworth, PIA Bakery Supervisor, et al.;<br><br>                            Defendants. | Case No.: 17-cv-1099-BEN-BGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL [ECF No. 11]**<br><br>**AND**<br><br>**(2) DENYING MOTION FOR LIBRARY ACCESS [ECF Nos. 13, 19]** |

      James Leroye Jefferson ("Plaintiff"), a state prisoner proceeding pro se, has filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Before the Court are Plaintiff's Motion to Appoint Counsel (ECF No. 11) and Motions for Library Access (ECF Nos. 13, 19).[1] For the reasons set forth below, the Motions are **DENIED**.

---

[1] Also before the Court is Plaintiff's Motion for Extension (ECF No. 17) filed *nunc pro tunc* to September 5, 2017. In this Motion, Plaintiff asks that Court to permit him 60 days to file "the Court request Civil Rule 5.1 motion and supporting documentation and lacking memorandum of points and authorities in support documents." (ECF No. 17 at 1.) It appears Plaintiff filed this request in response to discrepancies noted by the Court in regards to his initial Motion for Library Access (ECF No. 13). (*See* ECF No. 12

1

## I. MOTION TO APPOINT COUNSEL

Plaintiff first asks the Court to grant his Motion to Appoint Counsel (ECF No. 11). This is Plaintiff's second request for the appointment of counsel. (*See* ECF No. 5 [motion to appoint counsel]; ECF No. 8 [denying first request to appoint counsel].)

As stated in the Order denying Plaintiff's initial Motion to Appoint Counsel (ECF No. 8 at 4), there is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). While a district court has limited discretion under 28 U.S.C. § 1915(e)(l) to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F. 3d 1101, 1103 (9th Cir. 2004), it may exercise that discretion only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether such "exceptional circumstances" exist requires consideration of the Plaintiff's "likelihood of success on the merits" as well as whether he "is unable to articulate his claims in light of the complexity of the issues involved." *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015).

In his first Motion to Appoint Counsel, Plaintiff requested the appointment of counsel because he is indigent, "nearly slightly blind", "sick with HIV" and "lack[s] knowledge of the legal system." (ECF No. 5.) In the instant motion, Plaintiff seeks appointed counsel for the same reasons: he is indigent, has "very little knowledge in legal paperwork," has "narrow to near blind" vision, and is HIV positive. (ECF No. 11 at 2.) He has not asserted any new facts establishing the "exceptional circumstances" necessary to warrant appointment of counsel. (*See* ECF No. 8 at 4.) Nothing in his filings since the denial of his first motion to appoint counsel indicate that he is unable to articulate his

---

[noting that the Motion for Library Access lacked a memorandum of points and authorities, time and date on motion/supporting documents, and proof of service].) Plaintiff has since filed a second Motion for Library Access in which he attempts to correct these discrepancies. (*See* ECF No. 19 [containing a memorandum of points and authorities].) Accordingly, the Motion for Extension (ECF No. 17) is **DENIED** as moot.

claims. Further, as this case remains in the initial pleadings stage, Plaintiff has not yet shown a likelihood of success on the merits.

Accordingly, as Plaintiff has not asserted any new facts that would merit the Court's discretionary appointment of counsel, his Motion to Appoint Counsel (ECF No. 11) is **DENIED** without prejudice.

## II. MOTIONS FOR LIBRARY ACCESS

Plaintiff also asks the Court to grant his Motions for Library Access to provide him with Priority Legal User ("P.L.U.") status entitling him to obtain priority access and use of the prison law library due to his job and chemotherapy schedules. (ECF Nos. 13, 19.) He states that because he can "show court legal documents", "he is entitled to P.L.U." status. (ECF No. 19 at 1.) Additionally, he acknowledges per the California Code of Regulations, an inmate is to "receive P.L.U. status within 30 days of his established court deadline." (*Id.*)

### A. Relevant Standards

The Supreme Court has found that, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). In order to successfully assert a *Bounds* violation, an inmate must satisfy the requirement of standing and demonstrate an actual injury. *Lewis*, 518 U.S. at 349 (citing *Allen v. Wright*, 468 U.S. 737, 750-52 (1984)). In asserting a *Bounds* violation, the injury must be related to the established right to access the courts; mere physical access to libraries in itself is not a right. *Lewis*, 518 U.S. at 350-51. Thus, an inmate must show that his inability to access an adequate legal library or services "hindered his efforts to pursue a legal claim." *Id.* at 351. This right however is not absolute and prison administrators are only required to provide reasonable access to library facilities. *Toussaint v. McCarthy*, 801 F.2d 1080, 1109 (9th Cir. 1986).

Pursuant to California Code of Regulations, Title 15, inmates may apply for Priority

Legal User ("P.L.U.") status if they have an "established court deadline" by completing and signing a California Department of Corrections and Rehabilitation ("CDCR") Form 2171 Priority Library User (P.L.U.) Request and Declaration. Cal. Code Regs. tit. 15, § 3122. An established court deadline may be either a court imposed deadline for an active case or a statutory deadline. *Id.*

Pursuant to 42 U.S.C. § 1997e(a), an inmate must first exhaust all administrative remedies before contesting any condition of confinement. *Rios v. Tilton*, No. 2:07-CV-00790, 2010 WL 2557191 (E.D. Cal. June 21, 2010) (order denying motion for P.L.U. status based on inability to show administrative relief was exhausted).

Further, the Supreme Court has warned against federal courts becoming "enmeshed in the minutiae of prison operations." *Lewis*, 518 U.S. at 362 (quoting Bell v. Wolfish, 441 U.S. 520, 562 (1979)). While a court can provide injunctive relief to ensure the protection of an inmate's constitutional rights, the state has broad discretion over the administrative and security decisions of its prison facilities. *Toussaint*, 801 F.2d at 1104.

**B. Analysis**

Here, Plaintiff has also not demonstrated that he satisfies the statutory requirement to obtain P.L.U. status and that he has pursued all possible administrative paths to relief. He has not indicated whether he submitted a CDCR Form 2171 formally requesting P.L.U. status. Further, Plaintiff cites no deadlines that would render him eligible to apply for P.L.U. status.

Additionally, Plaintiff asserts that he currently has a 602 appeal pending against library staff. (ECF No. 13 at 2.) Plaintiff therefore, has not yet exhausted his administrative paths of relief and his assertion of noncompliance with institutional regulations does not state a federal claim. In this case, insertion of the judiciary into the state administration of prisons, without any showing of injury, satisfaction of the statutory requirements, and before the conclusion of an internal appeal, goes against the deference that the Court is obligated to give the state. *Lewis*, 518 U.S. 343 at 362-63; *Rios*, 2010 WL 2557191, at *1-2 (denying motion for P.L.U. status due to failure to exhaust administrative relief); *see also*

*Toussaint*, 801 F.2d at 1104.

Further, Plaintiff has failed to assert any injury that would require the Court's injunctive relief. In order for the Court to consider granting such relief, Plaintiff must show that his current level of access to the library has infringed upon his right to access the courts. *Lewis*, 518 U.S. at 350-51. Thus far, this has not been shown. While the Plaintiff has asserted that he "is not getting documents from the library," (ECF No. 13 at 1) and that his job schedule and chemo-therapy schedule merit him receiving a P.L.U. status (*Id.* at 2), he has not shown how this has hindered his claim. Rather, Plaintiff has been able to successfully file a complaint and several motions. (*See*, *e.g.*, ECF Nos. 1, 2, 5, 11, 13, 17, & 19). At this stage of litigation, he is only required to complete the Form 285s required for the United States Marshal to effect service on Defendants as discussed in the Court's prior Order. (ECF No. 8 at 10.) Plaintiff therefore has not yet suffered an injury, and the Court has no reason to intrude into the internal administration of the state prison system.

Therefore, as Plaintiff has neither satisfied the statutory requirements, exhausted his administrative remedies, nor shown injury, the Court **DENIES** his Motions for Library Access (ECF Nos. 13, 19) at this time.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Appoint Counsel (ECF No. 11) and Motions for Library Access (ECF Nos. 13, 19) are **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: November 21, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge