# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEROYE JEFFERSON,<br><br>         Plaintiff,<br><br>vs.<br><br>HOLLINGSWORTH, et al.,<br><br>         Defendants. | Case No.: 3:17-cv-1099-MMA-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 27] |

  Plaintiff James Leroye Jefferson, a California state prisoner proceeding *pro se*, has filed this action against California Prison Industry Authority staff alleging employment discrimination in violation of his civil rights. *See* Doc. No. 1. On January 29, 2018, Defendants L. Gularte, K. Hollingsworth, and J. Neil filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 27. Plaintiff opposes the motion. *See* Doc. No. 34. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

# BACKGROUND[1]

This action arises out of events occurring between 2011 and 2015 at R. J. Donovan Correctional Facility ("RJD") in San Diego, California.[2] Plaintiff identifies himself as an "African American transgender." Complaint at 5.[3] According to Plaintiff, the Prison Industry Authority ("PIA") interviewed him[4] for a job in the bakery and indicated he would be hired. Two years passed and he was not given a job in the bakery. Plaintiff has breasts and has been diagnosed as HIV-positive. Defendant Hollingsworth, the PIA bakery supervisor, advised Plaintiff that they do not hire "high risk," "sick" inmates. *Id*. Hollingsworth told Plaintiff that she did not want to hire an African American transgender with breasts. Instead, she hired six (6) sex offenders with less work experience than Plaintiff. According to Plaintiff, he has worked for the PIA for three (3) years "on a main line at clothing." *Id*. In addition, Defendant Hollingsworth permitted inmates employed by PIA to continue working, despite the fact that the inmates stole from the office, gambled, and cooked on the pipes at work. Plaintiff contends that he has a constitutional right to work at a PIA job which he has been denied based on his race, gender identification, and medical disability. Plaintiff brings claims for "gender discrimination" and "medical discrimination." *Id*. at 5-6.

# LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[2] Plaintiff is currently housed at California Institution for Men in Chino, California.

[3] Citations to electronically-filed documents refer to the pagination assigned by the CM/ECF system.

[4] Plaintiff uses both male and female pronouns in the pleadings filed to date. The Court will use male pronouns for purposes of consistency, unless and until Plaintiff indicates a specific preference otherwise.

pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir 2001). "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

*Pro se* litigants "must be ensured meaningful access to the courts." *Rand v.*

*Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc). When the plaintiff is appearing *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted), citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987). But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

## DISCUSSION

As an initial matter, Plaintiff's Eighth Amendment claim is subject to dismissal without leave to amend as to all defendants. As this Court recently explained:

> "The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991) (internal citations omitted) (quoting U.S. Const. amend. VIII). The Cruel and Unusual Punishments Clause may "be applied to some deprivations that were not specifically part of the sentence but were suffered during imprisonment." *Id*. at 297. This application rests on the premise that "deprivations suffered by a prisoner constitute 'punishment' for Eighth Amendment purposes." *Helling v. McKinney*, 509 U.S. 25, 37 (1993) (Thomas, J., dissenting).

*Arellano v. Ojeda*, No. 14cv2401-MMA (JLB), 2018 U.S. Dist. LEXIS 54905, at *7 (S.D. Cal. Mar. 30, 2018). It is well-settled that deprivation of a prison job opportunity does not constitute "punishment," and as such, does not violate the Eighth Amendment. *See Baumann v. Ariz. Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985) ("General limitation of jobs and educational opportunities is not considered punishment.") (citing

*Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) ("Idleness and the lack of programs are not Eighth Amendment violations. The lack of these programs simply does not amount to the infliction of pain.")).

With respect to his ADA claim, Plaintiff must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)). Plaintiff sufficiently alleges that he has a medical disability, he is otherwise qualified to work, and he was excluded from working in the bakery at RJD. With respect to Defendant Hollingsworth, Plaintiff alleges that she excluded him from working at the bakery based on his medical disability, to wit, his HIV-positive status. However, Plaintiff has not sued Defendants in their official capacities. This is important because "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Moreover, Plaintiff fails to allege any facts to demonstrate that Defendant Gularte or Neil were personally involved in the bakery's work assignments, much less that either defendant excluded him based on his medical disability. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980) (holding that liability under Section 1983 must be based on the personal involvement of the defendant). Accordingly, Plaintiff fails to state a plausible ADA claim against any of the defendants.

In its previous screening order, the Court liberally construed Plaintiff's complaint

as alleging an equal protection claim.[5]  *See* Doc. No. 8 at 9.  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff purports to be a member of three protected classes based on his race, gender, and disability.  Plaintiff's allegations are sufficient to establish that Defendant Hollingsworth intentionally discriminated against him on all three grounds.  However, Plaintiff fails to include any facts in his complaint to demonstrate that Defendant Gularte or Neil were personally involved in the bakery's work assignments, much less that either defendant discriminated against him on any basis.  *See May*, *supra*, 633 F.2d at 167.  Accordingly, Plaintiff fails to state a plausible equal protection claim against Defendants Gularte and Neil.

      Finally, in response to Defendants' motion, Plaintiff requests "production of documents" and evidence to support his claims.  The Court advises Plaintiff that his discovery requests are premature.  Federal Rule of Civil Procedure 26 governs the conduct of discovery in civil actions in federal court, and provides, in pertinent part, "[a] party may not seek discovery from any source . . . except when authorized . . . by court order."  Fed. R. Civ. P. 26(d)(1).  The Court has not yet authorized discovery in this case, and will not do so until the pleadings have been finalized, and a scheduling order regulating discovery and setting deadlines has been issued by the assigned magistrate judge.

## CONCLUSION

    Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.  The Court **DISMISSES** Plaintiff's Eighth Amendment claim **with prejudice** as to all three defendants.  The Court **DISMISSES** Plaintiff's ADA claim

---

[5] Defendants do not address whether Plaintiff has stated a plausible equal protection claim.

without prejudice and with leave to amend as to all three defendants.  The Court **DISMISSES** Plaintiff's Fourteenth Amendment equal protection claim without prejudice and with leave to amend as to Defendants Gularte and Neil.  The Court **GRANTS** Plaintiff leave to file an amended complaint within sixty (60) days from the date this Order is filed.  Plaintiff's amended complaint must cure the deficiencies of pleading noted above, and must be complete in itself without reference to the superseded pleading.  *See* SD CIVLR 15.1.  Defendants not named and all claims not re-alleged in the amended complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

     **IT IS SO ORDERED**.

DATE: May 2, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge