UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Leroye Jefferson,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Kathy Hollingsworth, PIA Bakery Supervisor, et al.;<br><br>　　　　　　　　　　　Defendants. | Case No.: 17-cv-1099-MMA-BGS<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL AND FOR SUPPORTING EVIDENCE AGAINST DEFENDANTS**<br><br>**[ECF No. 29]** |

James Leroye Jefferson ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, has filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Before the Court is Plaintiff's Motion to Appoint Counsel and for Supporting Evidence Against Defendants (ECF No. 29). For the following reasons, Plaintiff's Motion is **DENIED** without prejudice.

### I.　　MOTION TO APPOINT COUNSEL

In his[1] Motion, Plaintiff asks the Court to appoint counsel to help him send his motions and documents because of his lack of knowledge of the legal system. (*Id.* at 2.[2])

---

[1] Plaintiff uses both male and female pronouns in the pleadings filed to date. The Court will use male pronouns for purposes of consistency, unless and until Plaintiff indicates a specific preference otherwise.
[2] The Court cites to the blue CM/ECF-generated document and page numbers located at the top of each page.

1

This is Plaintiff's third request for the appointment of counsel. (*See* ECF Nos. 5, 8 [denying first request], 11, 22 [denying second request].)

As stated in prior orders denying Plaintiff's request for appointment of counsel, "it is well established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (citing *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). Further, there is no constitutional right to a court-appointed attorney in section 1983 claims. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth*, 654 F.2d at 1353).

While a district court has limited discretion under 28 U.S.C. § 1915(e)(l) to "request" that an attorney represent an indigent civil litigant, it may exercise that discretion only under "exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether such "exceptional circumstances" exist requires consideration of the Plaintiff's "likelihood of success on the merits" as well as whether he "is unable to articulate his claims in light of the complexity of the issues involved." *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *Agyeman*, 390 F.3d at 1103.

Plaintiff has not asserted any new information establishing the "exceptional circumstances" necessary to warrant appointment of counsel. (*See* ECF No. 29.) Nothing in his filings since the denial of his most recent motion to appoint counsel indicates that he is unable to articulate his claims and requests to the Court. In fact, recent docket entries demonstrate that Plaintiff remains able to adequately litigate his claims by filing appropriate motions and requests with the Court. (*See, e.g.*, ECF No. 32 [motion for extension]; ECF No. 34 [response in opposition to motion to dismiss].) Plaintiff's equal protection claim was able to partially withstand a motion to dismiss and he has been granted leave to amend other claims. (*See* ECF No. 36 at 6 ["Plaintiff's allegations are sufficient to established that Defendant Hollingsworth intentionally discriminated against him on all three grounds."].) He has not demonstrated that he is unable to represent himself (beyond

the ordinary burdens encountered by incarcerated persons representing themselves). *See Jones v. Kuppinger*, 2:13-CV-0451 WBS AC, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."). Further, as this case remains in the initial pleadings stage, Plaintiff has not yet shown a likelihood of success on the merits.

The Court acknowledges that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525. However, Plaintiff continues to show an ability to articulate his claims in this matter. Accordingly, as Plaintiff has not asserted any new facts that merit the Court's discretionary appointment of counsel, his request for appointment of pro bono counsel is **DENIED** without prejudice.

## II. MOTION FOR EVIDENCE TO SUPPORT HIS CLAIMS

In his Motion, Plaintiff also requests his central file, his health records, and a summary of all the 602 and state complaints made by inmates against Defendants Lisa Gularte and Kathy Hollingsworth. (ECF No. 29 at 1-2.)

As noted in Judge Anello's May 2, 2018 Order, Plaintiff's discovery requests are premature pursuant to Federal Rule of Civil Procedure 26. (ECF No. 36 at 6.) Discovery has not been authorized yet in this case and will not be authorized until a scheduling order regulating discovery and setting deadlines has been issued. Thus, such a request is not warranted.

## III. CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Appoint Counsel and Requests for Evidence (ECF No. 11) is **DENIED** without prejudice. ¶

**IT IS SO ORDERED.**

Dated: May 8, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

3

17-cv-1099-MMA-BGS