# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEROYE JEFFERSON,<br><br>                     Plaintiff,<br><br>vs.<br><br>HOLLINGSWORTH, et al.,<br><br>                     Defendants. | Case No. 17cv1099-MMA (BGS)<br><br>**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

      Plaintiff James Leroye Jefferson, a California state prisoner proceeding *pro se*, initiated this action against several prison officials at R. J. Donovan Correctional Facility. *See* Doc. No. 1. The individually-named defendants moved to dismiss Plaintiff's claims. *See* Doc. No. 27. The Court granted the motion in part, and granted Plaintiff leave to amend the deficient claims. *See* Doc. No. 36. The Court admonished Plaintiff that an amended complaint would have to be complete in itself, and any defendants not named and all claims not re-alleged in the amended complaint would be deemed waived. *See id.* at 7 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

      Plaintiff has filed an amended complaint against the California Prison Industry Authority. *See* Doc. No. 39. Plaintiff did not renew any claims against the previously-named individual defendants. Accordingly, Plaintiff has waived those claims. *See King*,

814 F. 2d at 567.

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, the Court may screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(b)(iii) and § 1915A(b)(2). Under these statutes, the Court must dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

Here, Plaintiff's amended complaint is subject to dismissal. The Eleventh Amendment to the United States Constitution generally bars federal lawsuits brought against the states and state agencies. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Plaintiff names as the sole defendant in the amended complaint the Prison Industry Authority, which is an entity within the California Department of Corrections and Rehabilitation ("CDCR"). *See Carr v. California Dep't of Corr. & Rehab.*, No. 17CV01769, 2018 WL 2106482, at *2 (E.D. Cal. May 7, 2018), report and recommendation adopted, No. 17CV01769, 2018 WL 3756422 (E.D. Cal. Aug. 6, 2018) (citing Cal. Gov't Code §§ 12838(a), 12838.6; Cal. Penal Code §§ 2701, 2805). In turn, the CDCR is an agency of the state of California. As such, the Prison Industry Authority is entitled to immunity from this lawsuit pursuant to the Eleventh Amendment.

In sum, Plaintiff's claims against the Prison Industry Authority are constitutionally barred. This deficiency cannot be cured via further amendment. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202,

1212 (9th Cir. 2012)).  Accordingly, the Court **DISMISSES** this action with prejudice. The Court **DIRECTS** the Clerk of Court to enter judgment and close the case.

    **IT IS SO ORDERED**.

DATE: February 6, 2019

_/s/ Michael M. Anello_
HON. MICHAEL M. ANELLO
United States District Judge